IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 3:00-cr-00071 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JUAN LEDEZMA-RODRIGUEZ, | * | ORDER |
| | * | |
| Defendant. | * | |

Before the Court is Defendant Juan Ledezma-Rodriguez's Motion to Reduce Sentence, filed on January 10, 2017. Clerk's No. 199. The Government filed a resistance in response on February 27, 2017. Clerk's No. 200. The matter is fully submitted.

On February 28, 2002, Defendant was sentenced to two life terms of imprisonment and one thirty-year term, all three terms to run concurrently; he was further sentenced to one sixty-month term of imprisonment to be served consecutively to the other three terms. Clerk's No. 144. The sentences were imposed after Defendant was found guilty of two counts of conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A), one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C), and one count of use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). *Id.* Defendant appealed his convictions and sentences. Clerk's No. 145. The Eighth Circuit Court of Appeals affirmed on September 9, 2002. Clerk's No. 163.

On September 12, 2003, Defendant petitioned this Court for relief pursuant to 28 U.S.C. § 2255, alleging he suffered from constitutionally deficient assistance from his attorney leading up to his trial. Clerk's No. 168. The Court denied Defendant's § 2255 petition on March 17, 2004. Clerk's No. 178. On April 8, 2004, Defendant filed a motion for reconsideration of the

denial of § 2255 relief; this Court denied the motion on May 18, 2004. Clerk's Nos. 180, 181. Defendant appealed this Court's rulings on his § 2255 request, and the Eighth Circuit Court of Appeals affirmed. Clerk's Nos. 182, 192.

On July 19, 2016, Defendant filed a motion for modification of his sentence, requesting that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines § 1B1.10. Clerk's No. 197. The Court denied this motion on August 1, 2016. Clerk's No. 198.

In his present motion, Defendant once again asks this court to reduce his sentence, this time in light of an order issued by the United States District Court for the Eastern District of New York in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Clerk's No. 199. Since *Holloway*, pro se defendants in numerous jurisdictions have argued that that case stands for the proposition that sentencing courts have authority to unilaterally reduce defendants' sentences. *See, e.g.*, *United States v. Sumner*, No. 00CR383-01, 2016 WL 5415608, at *3 (D.D.C. Sept. 28, 2016); *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016); *Acuna v. United States*, No. 07-00615, 2016 WL 3747531, at *2 (D. Haw. July 8, 2016). In his motion, Defendant argues,

> The *Holloway* doctrine recognizes that the District Courts have the discretion, inherent in our American system of justice, to subsequently reduce a defendant's sentence in the interest of fairness "even after all appeals and collateral attacks have been exhausted and there is neither claim of innocence nor any defect in the conviction or sentence" when it has clearly been demonstrated that the original sentence sought by the United States and imposed by the District Court (even when mandated by law) is revealed to be disproportionately severe.

Clerk's No. 199 at 1–2 (quoting *Holloway*, 68 F. Supp. 3d at 311).

However, Defendant misapprehends the *Holloway* court's order. The *Holloway* court did not conclude or even suggest that it had unilateral discretion to reduce the defendant's sentence. *Holloway*, 68 F. Supp. 3d at 311. Rather, the court recognized that the prosecuting U.S.

Attorney alone held the power to affect the defendant's sentence because the prosecutor wields the discretion, which "inheres in our adversarial system," to seek to vacate one or more of the defendant's convictions. *Id.*

In *Holloway*, the court vacated two of the defendant's convictions and was therefore able to resentence the defendant to a lesser term of incarceration; however, the salient factor was the prosecutor's decision to agree to the vacatur, without which the court had possessed no authority to act. *Id.* at 315–16. Holloway demonstrates that "the Department of Justice, as the government's representative in every federal criminal case, has the power to walk into courtrooms and ask judges to remedy injustices." *Id.* at 316. The *Holloway* court's written order is in fact a plea to U.S. Attorneys throughout the nation to exercise their prosecutorial discretion "in the spirit of fairness" to achieve just results for defendants even after they have been convicted. *Id.* at 311, 317 ("A prosecutor who says nothing can be done about an unjust sentence because all appeals and collateral challenges have been exhausted is actually *choosing* to do nothing about the unjust sentence.").

The courts, on the other hand, are strictly limited in their ability to modify sentences. Indeed, as a general matter, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are only three narrow exceptions to this rule: a court can modify a term of imprisonment (1) upon motion of the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the U.S. Sentencing Guidelines has been amended and made retroactive. *See* 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2). Defendant has not alleged any of these exceptions are applicable to the facts of his case, and there is therefore no basis in the record to conclude that the Court has the authority to modify Defendant's term of imprisonment at this time.

Although the Court has no authority to reduce Defendant's sentence, it has had occasion to reevaluate Defendant's sentence and concludes the sentence is manifestly unjust. Within the last few years, Defendant submitted a pro se petition requesting clemency from the President of the United States. At that time, the undersigned corresponded by email with the prosecuting U.S. Attorney and the U.S. Pardon Attorney in support of Defendant's petition. A reproduction of that email, dated September 23, 2016, is attached to this order. In that email, the undersigned described how Defendant was charged, convicted, and sentenced in an era in which the sentencing Court had no discretion to craft an appropriate sentence in light of the circumstances of the case. If Defendant were prosecuted for the same conduct today, his *maximum* exposure would be to 30 years of incarceration as opposed to the mandated life term he received in 2002. This discrepancy is a purely arbitrary by-product of the points in time at which the offense conduct was prosecuted and Defendant was sentenced; it has no basis in the offense conduct itself, in the character of the Defendant, or even in the policy goals of sentencing espoused by our criminal justice system. *See* 18 U.S.C. § 3553(a)(2).

There is no justice in the mandatory sentence Defendant received. As did the court in *Holloway*, this Court is compelled to exhort the prosecuting U.S. Attorney to revisit and review this case with a critical eye. At this time, the Government has expressly declined to make any concessions or take any action in this case. *See* Clerk's No. 200. But in the interest of justice—an interest necessarily shared by the Government, Defendant, and this Court—it would be a most laudable course for the U.S. Attorney to consider taking any available steps toward the remedy of the inauspicious and undeserving fate that has befallen this Defendant.

Unless and until such steps are taken, the Court does not have the authority to grant Defendant's request. Therefore, this Motion to Reduce Sentence must be and is DENIED.

IT IS SO ORDERED.

Dated this 10th day of April, 2017.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT