From: Robert Pratt
To: [U.S. Attorney]
Cc: [U.S. Pardon Attorney]
Date: 09/23/2016 02:18 PM
Subject: Clemency Petition of Juan Ledezma-Rodriguez Southern District of Iowa, Conviction No. 3:00-cr-00071, Clemency #12219-030

---

  I write concerning Juan Ledezma Rodriguez. His package of information was provided to me by the Federal Public Defender's office for the Southern District of Iowa. To my knowledge, Mr. Ledezma Rodriguez does not have an attorney helping him with his Petition for clemency. I have reviewed all of the materials that were provided to me and have also reviewed the entire court docket of the case in the Southern District of Iowa.

  On February 26, 2001, Mr. Ledezma Rodriguez entered a plea of guilty to Count Three of a third superseding indictment, which charged him with possessing a firearm while being unlawfully in the United States. On March 26, 2001, he entered a plea of guilty to Count Five of the third superseding indictment, which charged him with possessing powder cocaine with intent to distribute. On July 19, 2001, the Government filed a motion to revoke Mr. Ledezma Rodriguez's plea agreements on the basis that Mr. Ledezma Rodriguez had committed a material breach by not accepting the Government's characterization of his criminal record as qualifying him as a "career offender." On July 27, 2001, the Court set aside both plea agreements. The Government filed a fourth superseding indictment on September 12, 2001, charging Mr. Ledezma Rodriguez with seven separate counts.

  A jury trial on Counts Four, Five, Six, and Seven culminated in a verdict of guilty on all counts on November 1, 2011. On November 19, 2001, the Government dismissed Counts One, Two and Three of the indictment. It is important to point out that prior to trial in this case, the Government had served Mr. Ledezma Rodriguez with two notices of prior conviction pursuant to Section 851. Specifically, on January 8, 2001, the Government noticed a "prior drug felony" that occurred in the state of Oregon on November 16, 1992; on March 19, 2001, the Government noticed a second "prior drug felony" for delivery of a controlled substance in Marion County, Oregon that occurred sometime "between November 26, 1990 and December 19, 1990." By these two notices of prior conviction, the Government effectively determined and mandated that Mr. Ledezma Rodriguez's sentence would be life imprisonment upon his conviction for either Count Four or Count Six of the fourth superseding indictment. As well, Mr. Ledezma Rodriguez faced a mandatory consecutive term of five years imprisonment upon his conviction for Count Seven (using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)). Thus, on February 28, 2002, I had no choice but to sentence Mr. Ledezma Rodriguez to life imprisonment for his conviction on Counts Four and Six, and a consecutive 60 month term of imprisonment on Count Seven. I also sentenced Mr. Ledezma Rodriguez to a thirty year concurrent term of imprisonment on Count Five. This yielded a total final sentence of life imprisonment plus sixty months.

  It is important to note at the outset of this discussion that Mr. Ledezma Rodriguez was a non-violent, low-level offender with no ties to large scale criminal organizations or drug

cartels. He was one of 8 children born in Michoacon, Mexico. Mr Ledezma Rodriguez's parents separated when he was 13 and he came to the United States in approximately 1990 when he was 17 years old. As mentioned, on August 15, 1990, at age 17, he was convicted in Oregon for possessing cocaine. Shortly thereafter, Mr. Ledezma Rodriguez was deported to Mexico for the first time (the PSR provides conflicting dates, but it appears this deportation was on either August 22 or September 22, 1990). On November 19, 1990, he was convicted for delivering cocaine in the previously referenced Marion County, Oregon case and sentenced to 60 days confinement and 24 months' probation. On January 25, 1991, he was again deported to Mexico. On June 10, 1991, he was sentenced to 30 days' confinement and two years' probation for delivery of cocaine in Polk County, Oregon. He was deported a third time on December 12, 1992. Importantly, only the June 10, 1991 conviction hints at anything even remotely resembling violence. In that case, Mr. Ledezma Rodriguez is alleged to have fired an automatic handgun before handing the gun to another person who then also fired the gun. Notably, however, Mr. Ledezma Rodriguez was not charged with possession of a firearm. Likewise, despite his conviction for possessing a firearm illegally in this case, there is no assertion in the offense conduct portion of the PSR that Mr. Ledezma Rodriguez used such firearms in relation to any other offense or that he ever used violence of any kind.

The case against Mr. Ledezma Rodriguez resulted from information from a confidential informant and a corresponding investigation into the activities of Jesus Segura-Rico by the Southeast Iowa Inter-Agency Drug Task Force and the DEA. As part of this investigation, law enforcement initiated a traffic stop of Mr. Ledezma Rodriguez on February 2, 2000, and found he was carrying $3,189.00 cash and a semi-automatic firearm. Because of the amount of drugs involved in this conspiracy, Mr. Ledezma Rodriguez's base offense level was 38. He received a two point enhancement for directing at least one other person, resulting in a total adjusted offense level of 40. Based on the two prior drug convictions he received at the ages of 17 and 19 (the subjects of the Section 851 Notices), Mr. Ledezma Rodriguez was found to be a career offender. His mandatory sentencing guideline range would ordinarily have been 360 months to life. However, because of the two Section 851 Notices, he necessarily faced a mandatory minimum term of life imprisonment.

Mr. Ledezma Rodriguez has been in local jails and federal prisons since his arrest on February 2, 2000. Given that he is serving a life sentence he will die in prison unless his petition is granted. If this case were being prosecuted today, the August 2013 memo by Attorney General Holder counsels that the Government would not have filed the Section 851 notices of prior drug felonies, which were committed when Mr. Ledezma Rodriguez was merely 17 and 19 years of age. Without such notices, the maximum exposure he would face under the counts of the fourth superseding indictment would be the statutory maximum of thirty years on Count Five. Additionally, I would have much more sentencing discretion if Mr. Ledezma Rodriguez were sentenced today. The sentencing guidelines are now advisory in nature, and the drug guidelines have been significantly lowered since the prosecution of this case. I am confident that I, and most judges, would find Mr. Ledezma Rodriguez deserving of a variance after consideration of the 3553(a) factors. And I am equally confident that any sentence ultimately imposed after such variance would not exceed the sixteen plus years Mr. Ledezma Rodriguez has already served.

Mr. Ledezma Rodriguez has maintained a good record in prison and has no serious disciplinary violations. He is now 53 years of age, having been born on April 17, 1973. The sentencing commission studies tell us that people tend to "age-out" of criminal activity at his point in life. He has no serious violence in any of his previous criminal activity. His convictions came about at an early age. Like so many defendants who received excessively long sentences in the pre-*Booker* and *Gall* era, Mr. Ledezma Rodriguez was an addict. He was a long-time user of both legal and illegal drugs, having begun using alcohol as early as age 13 or 14 in his native Mexico. At the time of sentencing, he was married to Norma Oseguera, who works in a meat packing facility in Salem, Oregon. According to Mr. Ledezma Rodriguez, Norma is not fully aware of his situation. She is also a U.S citizen who would not care to relocate to Mexico if Mr. Ledezma Rodriguez is deported. The couple has three children, who were only 8, 6, and 4 years old at the time of sentencing. Mr. Ledezma Rodriguez is extremely remorseful over his violation of the law, particularly to the extent it has affected his family. As he writes in his pro se "reasons for seeking clemency": "My dream was to give my children a career, since education is the basis for a better future. But I went about it the wrong way and ultimely [sic] ended up with this life sentence . . . there is nothing more I wish than to never had been a participant of the unlawful conduct I once engaged in. It was the depths of my addictions when I committed the instant offense." Mr. Ledezma Rodriguez recognizes that if he is released, he will face deportation to Mexico. He represents in his petition that he has inherited a butcher shop there which will allow him a good chance for a career. As well, he has learned many trade skills while incarcerated. Both of these factors will help Mr. Ledezma Rodriguez meet his goal of creating a better life for himself, for his elderly mother, and for his children.

I believe the facts support a conclusion that Mr. Ledezma Rodriguez is deserving of clemency. The sentence is this case was clearly violative of the command of Congress that a sentence be "sufficient but not greater than necessary."

Thank you for taking the time to review my letter.

Sincerely,

Robert W. Pratt
Judge, United States District Court
Southern District of Iowa